# John Warburton, et al., *vs.* Edmund Mattox, et al.

## *Appeal from Dubuque.*

A mortgage duly executed and recorded, is notice to all the world of the interest conveyed.

If there is a second mortgage on the same property, the second mortgagee must be regarded as knowing at the time he receives his mortgage, of the previous mortgage, if the same is recorded.

If A mortgages a tract of land to B, while the title to the same is in the United States, and afterwards C purchases the same land from the United States, conveys it to A, who again mortgages the land to D, the title thus thrown upon A, enures to the benefit of B, the first mortgagee, who will be preferred to D, the second mortgagee, who is a purchaser with notice of an outstanding mortgage of record.

This was a bill to foreclose a mortgage, filed by John Warburton, Hezekiah King, Job P. Doan and Wyllis King, complainants, against Edmund Mattox, William Smith and James Sloan, defendants.

The bill was filed, April 1, 1841; and sets out that Edmund Mattox, on the 24th March, 1841, being indebted to them, in the sum of $895,-

54, executed to complainants his note for the payment of the same, in twelve months from date, with interest at the rate of ten per cent, until paid. That to secure the payment, he also executed a mortgage on certain property in Dubuque, which is made an exhibit to the bill ; that this mortgage was by deed with covenants of warranty, &c.

The bill also alleges, that subsequently to the above mortgage being executed to them, and recorded, the defendant Mattox, also executed mortgages on the same property to the defendants, Smith and Sloan.

It prays for the foreclosure of the equity of redemption against all the defendants, and a sale of the property to pay the debt.

The defendants, Smith and Sloan, in their answer, do not deny the execution of the mortgage to the complainants, but allege that Mattox purchased the property subsequently to his mortgage to complainants, and insist that their mortgages are a prior lien to that of the complainants.

The cause was heard upon bill and answer, and the parties admitted the due execution and recording of the several exhibits to bill and answers.

On the 23d February, 1842, the court below rendered a decree for the complainants, for $1,065,44, and in default of payment in ten days from the date of the decree, that the property should be sold, &c.

From this decree, Smith and Sloan, two of the defendants, appealed to this court.

Timothy Davis, for complainants.

In support of the decree it is insisted that Smith and Sloan took their mortgages subject to the lien of the complainants. They stand in the light of purchasers with notice, and the notice they have not denied. The defendant must deny all notice, even though it is not charged ; otherwise he will not be deemed a *bona fide* purchaser. 2 Johnson's Chan., 155 ; Fonblanque's Equity, 444 ; Registry acts of Iowa.

Mattox's subsequent purchase of the lot, enured to the benefit of the complainants. See statutes of Iowa, 1840, page 35. Also the rule, that A, selling of land with warranty, having no title, and afterwards acquiring a title, it enures to the benefit of his grantee. 16 Pick. 416 ; 3 Pick. 59.

Berry, for defendants.

Mattox had no title to the premises in question at the time of the execution of the mortgage to the complainants. The legal title is in

Smith ; and where there is equal equity, the maxim is, the legal title shall prevail. 1 Story Com. on Equity, 75 ; see also the opinion of Att'y. Gen. Butler 2 vol. Land Cases, page 82. The title subsequently acquired by Mattox does not enure to the benefit of the complainants. 1 Cowen, 711 ; 4 Wendell, 300 ; 14 J. R., 91 ; 1 Paiges Chan. Rep. 473.

The answer of Smith must be taken as true, because the case comes up on bill and answer, which fact shows the equity to be equal.

The state of the pleadings show no notice to Smith, of the mortgage of the defendants. The act of registration, under the laws of the territory of Iowa, was no notice to the subsequent mortgagee, 1 Story 393, because not known to the laws of the United States.

PER CURIAM, MASON, CHIEF JUSTICE.—The mortgage from Mattox to the complainants was executed on the twenty-fourth of March, 1840, before the title of the land was obtained from the United States, and it was duly recorded, as appears by the admission of parties. On the 4th of April following, Fassett & Sherman entered the land at the land office, and on the 7th of the same month, conveyed the same to Mattox. On the 15th of the same month, Mattox mortgaged the same land to Smith, and on the 12th of November following, to Sloan, the other defendant.

What is the effect of recording such a mortgage as that given to the complainants. The thirtieth section of the act to regulate conveyances (laws of 1840, page 39) declares that the recording of such instruments shall impart notice to all the world, of the contents thereof. The defendants, Smith & Slone, must therefore be regarded as knowing at the time they received their respective mortgages, that this previous mortgage had been executed to the complainants, under the circumstances above stated. It will become necessary therefore, to enquire into the nature and effect of the mortgage itself.

It states, among other things, that the party of the first part " does *grant, bargain and sell* unto the other said party of the second part, &c." The sixth section of the act to regulate conveyances, (laws of 1840, page 36) defines the effect of such a clause in an instrument of this nature, as importing the following covenants : first, that the grantor had a fee simple title ; second, that it was unincumbered ; and third, for further assurance.

A mortgage therefore, containing all these covenants was executed by Mattox to the complainants while as yet he had no title. He afterwards acquired title and subsequently mortgaged the same premises to Smith and Slone ; they being fully informed of the aforementioned circumstances.

47

Much stress was laid upon the fact, that at the time of the first mortgage, the title was in the United States. I conceive this is not material. The important fact is, that it was not then in Mattox. It matters not where else it was.

It is also contended, that inasmuch as the defendant Mattox, had notitle when he executed the mortgage to the complainants, the registry thereof was no notice. It is true, that the registry of a deed not required by law to be registered, is not notice to all the world, 1 Story, 404. I think however, this case does not fall within the rule. This is clearly such an instrument as the law contemplates. I find nothing in the statute excluding cases of this nature from the benefits of the law relative to the effect of a registry. It provides that " every instrument in writing that conveys any real estate, or whereby any real estate may be affected *in law or equity*, proved or acknowledged and certified in the manner above prescribed, shall be recorded, &c." *Laws of* 1840, *page* 39, *section* 29. This is clearly such an instrument as may effect real estate " in law or equity," and therefore comes within the scope of the registry law.

If a deed of warranty therefore, be executed and duly recorded, while the grantor has no title, and full title be subsequently acquired by him, this enures to the benefit of the grantee. The registry also protects him against all subsequent purchasers. But if the deed were a mere quit claim, the subsequently acquired title would not enure to the benefit of the grantee in the quit claim deed, and consequently a registry of such deed would not prejudice the rights of a subsequent purchaser.

Is the mortgage to the complainants to be regarded in this particular as a quit claim or deed of warranty ? I think the latter, unquestionably. We have seen that this mortgage contains what is tantamount to express covenants of full unincumbered title in the grantor, and also, for further assurance. Whether this is sufficient to vest him with a legal title upon Mattox subsequently obtaining the fee simple, is immaterial. At least the mortgagees have an equity, superior to that of the defendants, Smith and Slone, who took their respective mortgages with full knowledge of the rights of the complainants. See 1 Pow. on Mortgages, 190.

I therefore think the decree in this case should be affirmed.